## NEW YORK SUPERIOR ·COURT.

### JOHN A. ZEREGAL and others, plaintiffs agt. SANQUINET H. BENOIST, defendant.

In an action under the second subdivision of section 33 of the Code, this court has no jurisdiction whatever, unless the defendant is a resident of the city of New York, or if he be a *non-resident*, is personally served with summons within the city.

Therefore, where the defendant is a non-resident of the city, the issuing of. an *attachment* and levy upon his property thereunder, *before the service of summons* in the action upon him, does not give the court any jurisdiction, either of the subject matter of the action, or of the person of the defendant ; and the levy of the attachment is wholly void and unauthorized.

And sections 8 and 227 of the Code, do not extend the jurisdiction of this court, in terms or by implication, to such cases, where the defendant is a non-resident, and has not been served with summons in the city of New York.

An *affidavit* to procure an attachment, which wholly omits to state the *grounds of the cause of action*, constitutes a defect of jurisdiction which cannot be remedied by amendment ; and the attachment will be set aside.

There is no statute, either in express terms or by implication, requiring a motion to vacate a warrant of attachment to be made *before judgment*.

The motion of the defendant to open a default, and the order of the court granting it, but allowing the judgment entered to stand as security, does not preclude the defendant from moving to set aside the void *attachment* in the action.

*Special Term, February,* 1867.
*Decided March,* 1867.

IN this action an attachment against the property of the defendant was issued, on the ground of his being a nonresident. The attachment was delivered to the sheriff with the summons. It was levied on property of the defendant some three or four days before the summons was served on him.

The affidavit on which it was issued, stated that the defendant was a non-resident, and that plaintiffs had commenced an action in the court by the service of a summons herein, but did not state that the summons had been served on the defendant, nor did it state the grounds of the plaintiffs' demands.

A judgment was taken against the defendant for default in answering.. A motion was made to open the default, which

was granted on condition (among others) that the judgment should stand as security.

Defendant now moves to set aside the attachment.

SEWELL & PIERCE, *for motion.*
HORACE BARNARD, *in opposition.*

JONES, J. This action belongs to the class mentioned in the second subdivision of section 33 of the Code.

In that class of actions, this court has no jurisdiction whatever, unless the defendant is a resident of the city of New York, or if he be a non-resident, is personally served with summons within the city.

In this case, the defendant being a non-resident, and not having been served with summons at the time of the attachment, the court had at that time no jurisdiction either of the subject matter or the person of the defendant. It follows, that the writ of attachment was at that time of no more validity than if the judge had not signed it, and the levy under it was wholly void and unauthorized. The court at that time had no more jurisdiction than a police court would have had.

This is necessarily the result of the second subdivision of section 33, unless the jurisdiction conferred by that section is extended by the operation of sections 8 and 227.

I think there is no such extension created by those sections.

Section 8 is thus : " This act is divided into two parts.

"The first relates to the courts of justice and their jurisdiction.

" The second relates to civil actions commenced in the courts of this state, * * * and is distributed into fifteen titles. The first four relate to actions in all the courts of the state, the county courts, the superior court of the city of New York, court of common pleas for the city and county of New York, mayors' and recorders' courts of cities, and to appeals to the court of appeals, supreme court, county courts and superior court of the city of New York."

Title 2 of part 2, is: "Of provisional remedies in civil actions."

Section 227 (which is one of this title), provides that, " in an action for the recovery of money against * * * or against a defendant who is not a resident of the state, or against * * * or whenever * * * the plaintiff at the issuing the summons, or any time afterwards, may have the property of such defendant or corporation attached, in the manner hereinafter prescribed, as security for the satisfaction of such judgment as the plaintiff may recover."

This is the first section of chapter 4, of title 7, of part 2; the other section contained in the chapter, prescribes how a warrant of attachment is to be obtained, and the proceedings to be had thereunder.

It is clear that sections 8 and 227, do not in express terms extend the jurisdiction of this court to cases where the defendant is a non-resident, and has not been served with summons in the city of New York. If there is any such extension of jurisdiction by these sections, it must be by implication. The argument upon which such implication, if it exists, is founded, is this :

By section 227, in an action against a non-resident, an attachment of his property is authorized, at the time of issuing the summons. The action having by section 8, been made applicable to the superior court, it follows that that court can, in an action against a non-resident, issue an attachment against his property before he has been served with summons in the city of New York. The superior court then, having this power, must nececessarily have jurisdiction of an action against a non-resident, without his being served with summons in the city of New York, since it would be absurd to say, that a court has power to issue a process in an action of which it has no jurisdiction.

To this argument there are several objections. One is, that by section 8, Section 227 relates only to civil actions commenced in the superior court. Thus before section 227 can apply in any manner to the superior court, an action must have been commenced therein. As an action against

a non-resident of the city can in no manner be commenced therein until service on him of summons within the city, section 227 can have no application to such an action before that event takes place.

Another objection is, that sections 8, 33 and 227, are parts of the same act. The whole act, and all its provisions, must be so construed as to give effect, if possible, to all the language used in it. Section 33, expressly limits the jurisdiction of this court to certain cases. If section 227 is to be construed as extending that jurisdiction, then no effect is given to the language of section 33. According to the rules for interpreting statutes, courts will not construe a statute so as to produce such a result, unless the language of the two sections are so clearly antagonistic, as to leave no door open for escape. That is not the case here. Section 227 may well be held to apply only to those actions of which the court, whenever they are pending, has jurisdiction.

Another objection is, that statutes are to be construed according to the intent of the legislature, which intent is to be gathered from a view of the whole act; sometimes from the preamble, sometimes from a consideration of the mischief previously existing, which the statute was enacted to remedy, and sometimes from other matters.

In looking at all the provisions of the Code of Procedure, it is apparent that its general scope is first to define the jurisdiction of the courts, which is done in part first, and then to prescribe certain rules which should govern the various courts, in the commencement and prosecution of actions of which they have jurisdiction, which is done by part second.

To say that a section in part 2, which merely prescribes a remedy that can be had in an action *when commenced,* and the mode of obtaining it, gives jurisdiction to *commence* in a court an action over which that court has been by part 1, expressly restrained from exercising jurisdiction, is manifestly contrary to the general scope and design of the court.

I am aware that the legislature in 1866, amended section 227, by adding, " and for the purpose of this section, an

action shall be deemed commenced when the summons is issued, provided," etc. This amendment, however, does not aid the plaintiff in his position, that the court had jurisdiction to issue the attachment in question.

The amendment arose in this way : Under the construction given by the court of appeals in *Kerr* agt. *Mount* (28 *N. Y. R.* 659), to section 227, as it stood. before its amendment, no court, not even the supreme court, which has general jurisdiction, irrespective of the residence of the defendant, or the place of service of summons, had jurisdiction to issue an attachment until the defendant had been brought into court by either personal or substituted service of summons.

To cure this defect the amendment was framed.

The remarks heretofore made as to sections 8, 33 and 227, apply equally to this amendment. The amendment but adds to the previously existing regulations of practice, one more, which like the former one, only becomes operative when the court has jurisdiction over the action.

I am aware that this court has held at general term, in *Gould* agt. *Bryan* (3 *Bosw. R.* 626), that an attachment. against the property of a non-resident defendant may be issued and accompany the summons into the hands of the sheriff, and may be served after the summons has been duly personally served, and that an attachment so issued and served, is regular and valid.

In the present case, however, the attachment was served before the defendant was served with summons.

As from the views above expressed, the court, at the time of the levy of the attachment, had no jurisdiction over the action, and no jurisdiction to issue the attachment, such levy was void and unauthorized, and must be vacated. Under the decision in 3 *Bosw. Rep.*, 626, upon the service of summons on the defendant, the warrant therewith became valid, consequently the warrant itself cannot now be set aside on the ground of want of jurisdiction, but only the levy made under it, and all proceedings had in said levy.

Defendant, however, insists that the attachment should

be vacated, on the ground that the affidavit on which it issued, does not state enough to give jurisdiction.

Section 229 provides, that the warrant may be issued, whenever it shall appear by affidavit that a cause of action exists against the defendant, specifying the amount of the same, and the grounds thereof, etc.

The presentation of such an affidavit, containing the matters therein required to be contained, is necessary, to give the court power and jurisdiction to issue the warrant. The entire omission of one of the allegations required to be sworn to, is not a mere irregularity, which can be amended *nunc pro tunc*, but constitutes a defect of jurisdiction which cannot be remedied by amendment.

In the present case, the affidavit wholly omits to state the grounds of the cause of action. This statement is very material. It is required for the purpose of enabling the court to ascertain whether the cause of action is such as that a warrant can issue.

For this omission, the warrant must be set aside.

Plaintiffs, however, contend that even if the above grounds are, or if either one of them is, sufficient to set aside the warrant, yet this defendant cannot avail himself of them, because, firstly, judgment has been entered; and secondly, defendant's default was opened, and he let in to defend, on condition that the judgment should stand as security.

There is no statute in express terms requiring a motion to vacate a warrant of attachment, to be made before judgment.

Nor can I perceive that any such limitation can be implied from the various provisions of the Code. I do not stand alone in my inability in this respect, but the court in *Thompson* agt. *Culver* (15 *Abb. Pr. R. p.* 97), share it with me.

I have been referred to *Spencer* agt. *Rogers' Locomotive Works* (13 *Abb. R.* 180), as holding that an attachment cannot be vacated after judgment.

That case, however, simply decides that where there is a valid and regular attachment, an undertaking under sections 240 and 241, will not be allowed to be substituted in its

place after judgment, for the reason that in such case the lien gained by the plaintiffs by the levy of the attachment, becomes after judgment consummated, and the right to satisfaction out of the specific property established.

This reason is wholly inapplicable to cases where in consequence of the attachment being void for want of jurisdiction, the plaintiff never gained any lien.

The only remaining point to be considered is, whether the placing a defendant, upon opening his default, in the condition of allowing the judgment to stand as security, precludes him from setting aside the attachment.

If the motion to open that default, had been made on the ground of irregularities on the part of the plaintiffs, no such condition would have been imposed. But the motion was founded on affidavits admitting plaintiffs regularity, but excusing the default, and showing a good defense on the merits. This is a motion that appeals solely to the favor of the court. In such case, it is the invariable practice of the court, to impose as a condition of granting the favor, that the judgment shall stand as security, for the purpose of giving to the plaintiff the benefit of any lien which he may have acquired by his vigilance and regularity.

The question as to whether this attachment should stand as security, was not before the judge who granted the motion to open the default, and he has not passed on it. If it had been before him in the shape in which it has been presented to me, I must assume he would not have directed it to stand, since to allow a void process to stand, would be contrary to the principle upon which a valid and regular judgment is allowed to stand.

The cases of *Hall* agt. *Stryker* (27 *N. Y. R.* 596) ; *Rinchey* agt. *Striker* (28 *N. Y. R.* 45), *Chaine et al.* agt. *Wilson* (16 *How. Pr. R.* 552, *and* 8 *Abb. Pr. R.* 374), cited by plaintiffs' counsel, seem to me to have no bearing on the principles involved in this motion. *Ketchum* agt. *Ketchum* (1 *Abb. R. N. S.* 157), is sufficiently answered by *Thompson* agt. *Culver* (15 *Abb.* 97).

Motion granted, with $10 costs.